# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-2306V
UNPUBLISHED

| | |
|---|---|
| CLARENCE CHERRY, as administrator of ESTATE OF MARK A. CHERRY, <br><br>                 Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: January 13, 2023 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 20, 2021,Clarence Cherry, as administrator of the Estate of Mark A. Cherry, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that his brother, Mark A. Cherry, suffered Guillain-Barré Syndrome ("GBS") which meets the Table definition for GBS or, in the alternative, was caused-in-fact by the influenza ("flu") vaccine he received on September 27, 2019. Petition at 1, 5, ¶ 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 19, 2022, a ruling on entitlement was issued, finding Petitioner, as the administrator of Mark A. Cherry's Estate, entitled to compensation for Mr. Cherry's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

GBS Injury and death. On January 13, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $400,000.00, representing $150,000.00 for actual pain and suffering and $250,000.00 for the statutory death benefit. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $400,000.00, representing $150,000.00 for actual pain and suffering and $250,000.00 for the statutory death benefit in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CLARENCE CHERRY, as
administrator of ESTATE OF MARK A.
CHERRY,

       Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

       Respondent.

No. 21-2306V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 20, 2021, Clarence Cherry ("petitioner"), personal representative of the estate of Mark A. Cherry ("Mr. Cherry"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that Mr. Cherry suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 27, 2019, and that he died as the result of the GBS.  Petition at 1.  On November 17, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on November 18, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 22; ECF No. 23

### I.    Items of Compensation

Respondent proffers that petitioner should be awarded $400,000.00, consisting of $150,000.00 in actual pain and suffering and $250,000.00 for the statutory death benefit.  This

amount represents all elements of compensation to which petitioner would be entitled under 42

U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner be made through a lump

sum payment of $400,000.00, in the form of a check payable to petitioner.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179
DATED:  January 13, 2023                    alexa.roggenkamp@usdoj.gov

2